# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-22886-BLOOM/Otazo-Reyes

MAGGIE VALDEZ-DIAZ,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

_____/

## **SECOND ORDER TO AMEND**

**THIS CAUSE** is before the Court upon Plaintiff Maggie Valdez-Diaz's Notice of Decision, ECF No. [6] ("Notice"). For the reasons that follow, the Notice does not reveal whether this Court has subject jurisdiction over this case.

On September 9, 2022, Plaintiff filed her Complaint seeking judicial review of an October 21, 2019 decision rendered by an Administrative Law Judge ("ALJ") who denied her disability benefits claim under the Social Security Act. *See* ECF No. [1]. On September 12, 2022, the Court dismissed Plaintiff's Complaint without prejudice because the Complaint did not state whether Plaintiff had appealed the ALJ's decision to the Appeals Council. ECF No. [5] at 3; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) ("If a claimant fails to request review from the [Appeals] Council, there is no final decision, and, as a result, no judicial review[.]"). The Court granted Plaintiff leave to file an Amended Complaint to indicate whether she had sought review from the Appeals Council, and if so, when. ECF No. [5] at 3-4.

In the Notice, Plaintiff explains that she has "been trying to request an appeal, but unfortunately [she] was not granted the option . . . due to the time stamp technicality." *Id*. To the

Case No. 22-cv-22886-BLOOM/Otazo-Reyes

extent this statement means that Plaintiff has not yet filed an appeal, the Court lacks jurisdiction over this case for the reasons stated in the Court's Order of September 12, 2022. ECF No. [5]. However, to the extent that Plaintiff filed an appeal, but the Appeals Counsel declined to review her appeal as untimely, that denial from the Appeals Council would constitute a "final decision" subject to judicial review by this Court. *Smith v. Berryhill*, 139 S. Ct. 1765, 1780 (2019). However, review must be sought within sixty days of after the mailing of the Appeals Council's decision, "or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

In sum, Plaintiff has not indicated whether she has sought review from the Appeals Council. ECF No. [5] at 4. The Court will give Plaintiff one more attempt to establish that this Court has jurisdiction to consider her claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. On or before **October 21, 2022**, Plaintiff shall file an Amended Complaint in which she explicitly states whether she has sought review from the Appeals Council. If the Appeals Council has rendered any decision in Plaintiff's case – including a decision not to review the ALJ's decision – Plaintiff shall attach a copy of that decision to her Amended Complaint.

2. Plaintiff is advised that a Notice similar to the one she filed on September 30, 2022, ECF No. [6], does not constitute an Amended Complaint. Plaintiff is advised to use the same form she used for her original Complaint.

Case No. 22-cv-22886-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 4, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**Maggie Valdez-Diaz**
8565 SW 214 Lane
Cutler Bay, FL 33189
PRO SE